# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANTISEK PRIBYL,** | : CIVIL ACTION NO. 1:20-CV-1940 |
| Petitioner | : |
| v. | : |
| **WARDEN S. SPAULDING,** | : (Judge Conner) |
| Respondent | : |

## MEMORANDUM

Petitioner Frantisek Pribyl, a federal prisoner presently incarcerated at the Federal Correctional Institution at Williamsburg in Salters, South Carolina, and formerly incarcerated at United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction. (Doc. 1). Respondent submitted an answer asserting that the court lacks jurisdiction over the petition, (see Doc. 13), and petitioner has now filed a reply and various supplemental filings, (see Docs. 16, 18, 19, 21, 22, 23, 24). For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I.  **Factual Background & Procedural History**

On March 7, 2017, petitioner was indicted by a federal grand jury in the United States District Court for the Northern District of Florida for attempting "to persuade, induce, and entice an individual, who had not attained the age of 18 years, to engage in sexual activity in violation of 18 U.S.C. § 2422(b)" and for "knowingly travel[ing] in interstate commerce for the purpose of engaging in illicit

sexual conduct with another, as defined in Title 18 U.S.C. § 2423(f), that is, a sexual act with a person under 18 years of age that would be in violation of Chapter 109A of the United States Code if the sexual act occurred in the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 2423(b)." See No. 4:17-cr-15, Doc. 14 at 1-4 (N.D. Fla.).  Petitioner elected to proceed with a jury trial, and a jury found him guilty of both counts in the indictment. Id., Doc. 130 (verdict).

On October 5, 2018, the Northern District of Florida accepted the jury's verdict on both counts and sentenced petitioner to 120 months of imprisonment as to counts one and two, to be served concurrently, and a 120 month term of supervised release as to both counts, to run concurrently. Id., Doc. 214 at 2-3 (judgment of conviction). Petitioner filed a notice of appeal on October 5, 2018. Id., Doc. 216.  The United States Court of Appeals for the Eleventh Circuit appointed counsel to represent petitioner on appeal, and the appeal remains pending. See No. 18-14255 (11th Cir.).  The matter is set for oral argument later this month.

Petitioner filed this habeas petition on November 3, 2020, alleging "actual innocence – fraud in court." (See Doc. 1 at 3). He also notes that he was subjected to an unfair trial, violations of due process, and a vindictive prosecutor. (Id. at 8).

## II. Discussion

Given the allegations raised in the petition, the court construes the petition as challenging the legality of petitioner's conviction. As noted by the United States Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has

been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011) (nonprecedential); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve when "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." See Dorsainvil, 119 F.3d at 251.

The Third Circuit emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the Supreme Court of the United States, may not have been criminal conduct at all. See id. at 251-52.

Under Dorsainvil and its progeny, the court can exercise § 2241 jurisdiction over this petition if, and only if, petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003) (nonprecedential).

Here, petitioner's claims do not fall within the Dorsainvil exception because petitioner is in the midst of a direct appeal before the Eleventh Circuit Court of Appeals. Following that effort, if unsuccessful, he will have an opportunity to seek judicial review of the legality of his conviction by filing a § 2255 motion with his sentencing court. Because petitioner still has a future right to file his first § 2255 motion, he does not meet the Savings Clause of Section 2255(e).

Based on the foregoing, the court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." See 28 U.S.C. § 1631. The court declines to do so here because petitioner's direct appeal of his conviction and sentence is still pending in the Court of Appeals for the Eleventh Circuit, and thus, the statute of limitations for filing a § 2255 motion has not even begun. The court concludes that it is not in the interests of justice to transfer the instant habeas petition.

### III. <u>Conclusion</u>

For the reasons set forth above, the petition will be dismissed without prejudice for lack of jurisdiction. An appropriate Order follows.

/S/ <u>C<small>HRISTOPHER</small> C. C<small>ONNER</small></u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   April 22, 2021